UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.   8:19-CR-77-T-35JSS

ONORIODE FRANK NANI

_____/

### ORDER

This cause comes before the Court upon the entry of the Order to Show Cause (Doc. 23).   The parties appeared before the Court for a hearing held on February 27, 2019. After due consideration, the charges in the Complaint (Doc. 1) are dismissed without prejudice.

### PROCEDURAL HISTORY

On October 26, 2018, the United States charged defendant Onoriode Frank Nani ("Defendant" or "Nani") with wire fraud, in violation of 18 U.S.C. §§ 1342 and 1343. (Doc. 1).   Nani was arrested and had an initial appearance in Atlanta, Georgia on October 29, 2018. (Doc. 5).   A detention hearing was held the following day. (Doc. 8).   On November 21, 2018, Nani made his first appearance in Tampa, Florida. (Doc. 9).   At Nani's request, the hearing was continued until November 23, 2018. (Doc. 11).   On December 7, 2018, the Court held a preliminary hearing and found probable cause to believe Nani committed the charged offenses.   (Doc. 16).   On December 18, 2018, Nani's attorney filed a motion to appear *pro hac vice*, which was granted on December 19, 2018. (Docs. 18-21).

After conducting a periodic review of its docket, the Court entered an Order to Show

Cause on February 22, 2019. (Doc. 23).    On February 26, 2019, the Grand Jury charged

Nani by indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343.

(Doc. 26).    The parties appeared before the Court for a hearing later that day. (Doc. 27).

## DISCUSSION

At the outset, it should be noted that this is not a case of prosecutorial misconduct—

far from it.    The Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, (the "Act"), however, imposes

mandatory time limits that must be observed even when, as here, the parties stipulate to an

extension of a deadline.    This is true because the Act was intended not only to protect the

interests of defendants but was also "designed with the public interest firmly in mind."

*Zedner v. United States*, 547 U.S. 489, 501 (2006).    "Allowing prospective waivers would

seriously undermine the Act because there are many cases . . . in which the prosecution, the

defense, and the court would all be happy to opt out of the Act, to the detriment of the

public interest."    *Id.* at 502.

Courts share in the responsibility to protect the speedy trial rights of both the

defendant and society.    *United States v. Saltzman*, 984 F.2d 1087, 1091 (10th Cir. 1993); *see*

*United States v. Young*, No. 14-CR-20129, 2017 WL 543216, at *4 n.1 (S.D. Fla. Feb. 9,

2017) ("Court acknowledges that it also shares responsibility for the failure to comply with

the Speedy Trial Act.").[1]    The Act makes clear that if a defendant is neither indicted nor

charged in an information within 30 days from the arrest, unless extended by 18 U.S.C. §

3161(h), the complaint "*shall be dismissed* or otherwise dropped." 18 U.S.C. § 3162(a)(1)

---

[1] As in *Young*, this "Court wishes to make clear that it does not find any bad faith or
improper motive in the actions of the parties or their counsel."    *Id.*

2

(emphasis added).

After excluding the appropriate time under the Act pursuant to 18 U.S.C. § 3161(h), the Court finds that the United States exceeded the maximum 30-day delay for bringing an indictment by more than 50 days.    Consequently, dismissal is the only available remedy. *See United States v. Mathurin*, 690 F.3d 1236, 1243 (11th Cir. 2012).    The Court, however, must determine whether the dismissal should be with or without prejudice.    *Zedner*, 547 U.S. at 509.    As the Supreme Court clarified, there is no preference for one type of dismissal over the other. *United States v. Taylor*, 487 U.S. 326, 335 (1988); *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999).    "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."    18 U.S.C. § 3162(a)(2).

## I.  Seriousness of the Offense

The Complaint charged Nani with committing wire fraud. (Doc. 1).    Pursuant to 18 U.S.C. §1343, the charge carries a maximum penalty of 20 years imprisonment.[2]   At the hearing, Nani's counsel conceded that the charged crime was serious, but asserted that it was not one of the *most* serious offenses with which one could be charged.    While true, the charged crime is serious, nonetheless.    Given the length of the possible sentence, the seriousness of the charged crime weighs in favor of dismissal without prejudice.

---

[2]  18 U.S.C. § 1342, the less serious of the charged crimes, carries a sentence of up to 5 years imprisonment.

## II. Facts and Circumstances That Led to the Dismissal

The facts and circumstances in this case show that Nani was not indicted within 30 days of arrest because he executed written documents indicating that he wished to waive his right to speedy indictment through February 26, 2019.   (Docs. 27-1 and 27-2).   The United States' good faith reliance on these waivers, however misplaced, demonstrates that it did not delay in bringing an indictment for any tactical advantage or other improper purpose.   While the Supreme Court made clear that courts should refrain from recognizing an estoppel where doing so would in effect "entirely swallow the Act's no-waiver policy," the Court recognizes that Nani's argument for a dismissal with prejudice is "clearly inconsistent with [his] earlier position."   *Mathurin*, 690 F.3d at 1243.   The Court finds that the delay was a result of a good faith effort by the parties to attempt to resolve this matter short of trial.   Therefore, the second factor weighs in favor of dismissal without prejudice.[3]

## III. Impact of Reprosecution

The third factor, the impact of a reprosecution on the administration of justice and the Speedy Trial Act, also weighs in favor of dismissal without prejudice.   This factor provides the Court with "authority for considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant."   *United States v. Williams*, 314 F.3d 552, 560 (11th Cir. 2002).   In *Williams*, the Eleventh Circuit "conclude[d] that the sixty-eight-day violation of the Speedy Trial Act was not so substantial per se as to require

---

[3] In reaching this conclusion, the Court took into consideration that "one of the primary objectives of the Act is to protect society's interest in speedy disposition of criminal cases [and that] interest was not served" in this case.   *United States v. Williams*, 314 F.3d 559, 560 (11th Cir. 2002).

dismissing the charges in the complaint with prejudice." *Id.*

A delay of more than 50 days, however, is relatively severe.   *See id.* (finding an 8-day delay to not be severe but a delay of 68 days to be severe).   Nevertheless, the Court previously noted that a charge against Nani is serious and there were justifications for the delay.   For example, Nani contributed to, and benefited from, the delay by executing the speedy indictment waivers and engaging in plea discussions.   In addition, any prejudice to Nani caused by the delay is mitigated by the fact the United States participated in discovery pre-indictment.   After considering the charges against Nani and the severity of the delay, dismissal with prejudice is not warranted.   Accordingly, it is hereby

ORDERED:

1. The Order to Show Cause (Doc. 23) is discharged; and

2. The charges in the Complaint (Doc. 1) are dismissed without prejudice.[4]

**DONE AND ORDERED** in Tampa, Florida on March 11, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[4] Because the Indictment (Doc. 26) charges Nani with a separate and distinct offense, the dismissal of the charges in the Complaint does not affect the Indictment. *See United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir. 1996), as modified (Mar. 15, 1996) (noting that Congress considered and declined to provide that the Speedy Trial Act's dismissal sanctions apply to a subsequent charge that arose from the same criminal transaction or reasonably should have been known at the time of filing the initial complaint; also finding that it is well established that conspiracies and substantive offenses are separate and distinct offenses requiring proof of different elements).

5